HON. JOHN B. LAWLESS City Court Judge, Elmira
This is in reply to your request for an opinion as to whether or not the requirement in Domestic Relations Law, § 11 (5), that the parents of parties to a marriage under the age of 18 years make written request for solemnization of a marriage and the parents be personally present, is applicable to all of the persons authorized to solemnize marriages pursuant to Domestic Relations Law, § 11 (5), or whether that provision is applicable only to a clerk of the city of the first class of over one million inhabitants or his deputies and village and town justices.
Domestic Relations Law, § 11, provides as follows:
 "5. Notwithstanding any other provision of this article, where either or both of the parties is under the age of eighteen years a marriage shall be solemnized only by those authorized in subdivision one of this section or by (1) the mayor of a city or by (2) a justice or a judge of a court of record, or by (3) a judge or justice of any city court, or by (4) a judge of the district court or, (5) by the clerk of a city of the first class of over one million inhabitants or any of his deputies designated by him for such purposes as provided in section eleven-a of this chapter or by a village or town justice where the parents of any of such parties under the age of eighteen years shall make written request therefor and said parents are personally present at such solemnization."
This statute is, in effect, a list of those persons authorized to solemnize marriages where either or both of the parties is under the age of 18 years. Each of the categories listed in this provision is separate and distinct from the others (the word "or" being a coordinating conjunction introducing alternatives, i.e., different possibilities). The provisions of subparagraph 5 of Domestic Relations Law, § 11 (5), therefore, are separate and distinct from the classes of persons authorized by the preceding portions of Domestic Relations Law, § 11(5). In fact, subparagraph 5 of section 11(5) consists of two separate categories. First, a clerk of a city of the first class of over one million inhabitants or any of his deputies may solemnize a marriage where either or both of such parties is under the age of 18 years pursuant to the provisions of Domestic Relations Law, §11-a(c), which requires, in substantially identical language as contained in Domestic Relations Law, § 11(5) (5), a written request from the parents and that the parents be personally present.
The second category in section 11(5) (5) is a village or town justice, where the parents of any parties to the marriage under the age of 18 years make a written request therefor and the parents are personally present at the solemnization of the marriage. It seems clear that if the requirement of personal presence of the parents in Domestic Relations Law, § 11(5) (5) was intended to apply to all persons authorized to solemnize marriages where the parties are under 18 years of age, that the provision contained in Domestic Relations Law, § 11-a(c) would be totally unnecessary. From this it appears that the Legislature did not intend that the parents of parties to a marriage who are under the age of 18 years make a written request and be personally present at the solemnization except with respect to persons authorized to perform such marriage pursuant to subdivision 5 of Domestic Relations Law, § 11(5). We note that in the case of parties under the age of 18 years that the Domestic Relations Law, § 15, requires the written consent of the parents before the license may be issued.
We conclude, therefore, that the requirements of a written request by the parents of parties under the age of 18 years and the requirement that such parents be personally present at the solemnization of the marriage, as set forth in Domestic Relations Law, § 11(5), are applicable only to the clerk of a city of over one million and his deputies and to village or town justices and not to the remaining persons authorized to solemnize marriages of persons under the age of 18 years pursuant to Domestic Relations Law, § 11(5).